C. MARK HUMBERT (SBN 111093)
Humbert Law Offices
markh@lifehealthlaw.com
The Mills Tower
220 Montgomery Street, Suite 1068
San Francisco, California  94104
Telephone:  (415) 837-5433
Facsimile:  (415) 837-0127

Attorneys for Defendant
**Zenith American Solutions, Inc.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE<br><br>Plaintiff<br><br>v.<br><br>OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, ANTHEM BLUE CROSS LIFE & HEALTH INS. CO., ZENITH AMERICAN SOLUTIONS, INC., AND DOES 1-10<br><br>Defendants. | Case No. 2:18-cv-03616 RGK (JPRx)<br><br>**JOINDER OF DEFENDANT ZENITH AMERICAN SOLUTIONS, INC. IN MOTION TO DISMISS FILED BY DEFENDANT ANTHEM BLUE CROSS LIFE & HEALTH INS. CO; SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  August 27, 2018<br>Time:               9:00 A.M.<br>Courtroom:     850<br><br>Hon. R. Gary Klausner<br><br>Compl. filed. 1/29/18 |

## JOINDER

Defendant Zenith American Solutions, Inc.  ("Zenith") hereby joins in the Motion to

Dismiss the Complaint ("MTD") filed by defendant Anthem Blue Cross Life & Health Ins. Co.,

("Anthem") and also joins in the arguments (specifically identified below) made by Anthem in its

DEFENDANT ZENITH AMERICAN SOLUTIONS,
INC.'S JOINDER IN MOTION TO DISMISS FILED BY
ANTHEM; SUPPLEMENTAL MEMORANDUM OF
POINTS AND AUTHORITIES.

Case No.  2:18-cv-03616 RGK (JPRx)

Memorandum of Points and Authorities ("MPA") in support of its MTD. Each said argument applies equally to Zenith, and Zenith believes and respectfully submits that this Joinder, in lieu of a separate motion and memorandum of points and authorities, will serve the interests of judicial economy and efficiency.

Zenith joins fully, without addition or material qualification, in Anthem's Section I (Introduction), Section II (Factual Allegations), and Section III (Legal Standard), and Legal Argument Sections IV(A), IV(B)(1)(b), IV(B)(1)(c), IV(B)(2), IV(B)(3), IV(b)(4), IV(B)(5) and IV(B)(6) of its MPA. Each of the points and arguments made in those sections applies equally and precisely to Zenith, only substituting "Zenith" for "Anthem" where the latter appears in the text. Zenith incorporates those arguments herein as if fully set forth in this Joinder.

Zenith therefore joins Anthem in moving to dismiss plaintiff's claims, and each of them, and hereby independently so moves.

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

In addition to the arguments and points in Anthem's MTD and its Memorandum in support of that MTD, Zenith submits the following argument in support of its motion to dismiss the complaint:

### All Of Plaintiff's State-Law Claims Against Zenith America (As Well As the Other Defendants) Are Preempted by ERISA

Each of the state law claims against Zenith is truly nothing more than an attempt to recover benefits under the terms of the health benefit plan sponsored by defendant Operating Engineers'

DEFENDANT ZENITH AMERICAN SOLUTIONS,
INC.'S JOINDER IN MOTION TO DISMISS FILED BY
ANTHEM; SUPPLEMENTAL MEMORANDUM OF
POINTS AND AUTHORITIES.

Case No. 2:18-cv-03616 RGK (JPRx)

Health and Welfare Trust Fund, which is an ERISA plan.[1]  As such, the claims "relate to" an ERISA plan and, therefore, are preempted by 29 U.S.C. § 1144(a). [ERISA, § 514(a)]

Section 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  "ERISA's preemption clause is one of the broadest ever enacted by Congress, . . . and it preempts even generally applicable laws, not just laws aimed exclusively at employee benefit plans."  *Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993).   The Supreme Court of California has explained this preemption provision as follows:

> ERISA is a comprehensive federal law designed to promote the interests of employees and their beneficiaries in employee pension and benefit plans.  As a part of this integrated regulatory system, Congress enacted various safeguards to preclude abuse and to secure the rights and expectations that ERISA brought into being.  Prominent among these safeguards is an expansive preemption provision, found at [29 U.S.C. § 1144].

*Marshall v. Bankers Life & Cas. Co.*, 832 P.2d 573, 576 (Cal. 1992) (internal citations omitted). ERISA preemption is an affirmative defense to state-law claims and mandates dismissal of such claims as a matter of law.  *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (noting that preemption under 29 U.S.C. § 1144(a) "defeat[s] state-law causes of action on the merits"); *John Muir Health v. Cement Masons Health & Welfare Trust Fund for N. California*, 69 F. Supp. 3d 1010, 1013 (N.D. Cal. 2014) (ERISA preemption is "an affirmative defense to the enforcement of state law claims").  ERISA's preemption clause "establish[es] as an

---

[1]  *See*, Exhibit "A" to the Declaration of Marilyn Haynes filed herewith, a true and correct copy (omitting only certain trade confidential terms) of the Administrative Services Agreement pursuant to which Zenith provides administrative claims services to the Operating Engineers Health & Welfare Trust Fund ("the Fund"), as well as the relevant ERISA plan documents submitted to the Court by the Fund.

3

area of exclusive federal concern the subject of every State law that 'relates to' an employee benefit plan governed by ERISA." *Marshall*, 832 P.2d at 576.[2]

"**A law relates to a covered employee benefit plan for purposes of [29 U.S.C. § 1144(a)] if it [1] has a connection with or [2] reference to such a plan**." *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 324 (1997) (Emphasis added; citations, alterations, and quotation marks omitted). Under the first prong, which is pertinent here, the Ninth Circuit employs a "relationship test" to determine whether a state law has a "connection with" an ERISA plan, holding that "a state law claim is preempted when the claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009). When a claim is preempted by ERISA, that does not necessarily mean that the defendant is liable under ERISA. Rather, it means that whether the defendant is liable must be judged solely under the provisions of ERISA, rather than under state law. *See, e.g.*, *Pizza v. Fin. Indus. Regulatory Auth., Inc.*, No. C-13-0688 MMC, 2013 WL 1891405, at *4 (N.D. Cal. May 6, 2013) ("A finding that a state law claim is preempted by ERISA does not necessarily mean that a claim under ERISA exists.").

In the very recent case of *Gobeille v. Liberty Mut. Ins. Co.* (2016) 136 S. Ct. 936, 943, the United States Supreme Court again confirmed the vitality and expansive scope of Section 1144(a) preemption, holding that ERISA preempts Vermont's data collection law because it "imposes duties that are inconsistent with the central design of ERISA, which is to provide a single uniform

---

[2] "[T]he goal [of section 1144(a)] was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government. Otherwise, the inefficiencies created could work to the detriment of plan beneficiaries." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990).

4

DEFENDANT ZENITH AMERICAN SOLUTIONS, INC.'S JOINDER IN MOTION TO DISMISS FILED BY ANTHEM; SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES.

Case No.  2:18-cv-03616 RGK (JPRx)

national scheme for the administration of ERISA plans without interference from laws of the several States even when those laws, to a large extent, impose parallel requirements." *Id.* at 947. If Section 1144 preempts a state data collection law, it certainly preempts claims against a plan seeking to recover reimbursement for unpaid or underpaid ERISA plan benefits for services rendered to ERISA plan participants.

In *Armijo v. ILWU PMA Welfare Plan*, 2016 WL 10011753 (U.S.D.C. C.D. Cal. 2016), Judge Fitzgerald of the United States District Court held that all California state law claims against the ILWU PMA Welfare Plan and its claims administrator (Zenith) arising out of administration of an ERISA plan were preempted by ERISA, including breach of express and implied contract, and fraud.  The *Armijo* Court specifically held that a "preauthorization" letter, alleged in the complaint therein to be part of a "charade" or scheme to "flag" out-of-network providers, conditions "payment on eligibility for benefits under the Plan."  Provider plaintiffs' sole remedy, therefore, lies in ERISA."  (*Armijo, supra*, at paras. IV (E) and (F))

The California Court of Appeal is in accord.  In *Silver v. IWU-PMA Welfare Plan,* 2 Cal. App.5th 793 (2016), the Second District held that Section 1144(a) preempts causes of action brought by an out-of-network provider against an ERISA plan.  In *Silver,* a physician sued the benefit plan to recover for non-payment and underpayment for services provided.   Dr. Silver alleged tortious interference by the Plan with his relationships with his patients.  The Second District held that this claim was preempted because it was involved coverage questions under the Plan in connection with Explanations of Benefits ("EOBs").  The Court opined: "(1) The state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities: the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* at 804. The *Silver* Court recognized that all claims which implicated EOBs, used to communicate decisions on benefit

5

claims, were preempted by ERISA because such EOBs necessarily invoke the provisions of the Plan.  In this case, as set forth in Anthem's MTD, the complaint alleges communications with the plaintiff in the form of such EOBs.  This necessarily implicates ERISA and shows that plaintiff's claims are preempted as a matter of law.

Moreover, as the Administrative Services Agreement ("ASA") attached to the supporting Haynes Declaration shows, Zenith's role with respect to the Fund is as a claims processor of ERISA benefit claims.  ERISA is referenced three times in the first two pages of the ASA, under the heading "<u>Responsibilities of the TPA and Services Provided</u>."

Finally, as the allegations of the complaint herein clearly show, each of the causes of action depend not solely on proof that there was a failure to pay, but on proof that the underlying medical services were covered, non-excluded, and rendered to an eligible Fund participant or beneficiary.  That proof inherently requires inquiry into the Fund's terms, exclusions and limitations, and requires verification of eligibility.  Because plaintiffs' claims seek essentially to assert a claim for benefits under the Fund and so clearly relate to that ERISA plan, they have a "connection with" an ERISA plan.  Thus, plaintiffs' state law claims are preempted by ERISA, and should be dismissed.

# CONCLUSION

For all the reasons set forth in Anthem's MTD, and hereinabove, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted and because the entire complaint is preempted by ERISA.

DATED:  May 31, 2018

/s/ C. MARK HUMBERT
C. Mark Humbert
Attorney for Defendant
Zenith American Solutions, Inc.

DEFENDANT ZENITH AMERICAN SOLUTIONS, INC.'S JOINDER IN MOTION TO DISMISS FILED BY ANTHEM; SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES.

Case No.  2:18-cv-03616 RGK (JPRx)